Hans Lin          CA BAR# 325980
**LB Lin Law Firm**
1685 Highland St
Santa Ana, CA 92703
(949)381-9816
AttorneyHans@lblinlaw.com
Attorney for Plaintiff,
CHINA CINDA ASSET MANAGEMENT CO. LTD., (JIANGXI BRANCH)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA CINDA ASSET MANAGEMENT CO. LTD., (JIANGXI BRANCH),          Plaintiff,<br><br>vs.<br><br>XIAOFENG PENG;<br><br>SHAN ZHOU<br><br>                    Defendants. | Case No.: 25-cv-06047-KAW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 21, 2025<br>Time: 1:30 PM<br>To be held by Zoom<br>Magistrate Judge Kandis A. Westmore |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiff CHINA CINDA ASSET MANAGEMENT CO. LTD., (JIANGXI BRANCH) ("Plaintiff") and Defendants XIAOFENG PENG and Shan Zhou (together, "Defendants") (collectively, "the Parties"), hereby submit this Joint Rule 26 Report.

The Parties have met and conferred regarding the issues required by Rule 26, Local Rule 26-1, and set forth in this Court's Standing Order.

**1. Jurisdiction and Service**

The Court has diversity jurisdiction over the parties because Plaintiff resides in China and Defendants are residents of California. There is complete diversity between the parties. The amount in controversy exceeds $75,000.

**2. Facts**

**Plaintiff's Statement:**

Plaintiff seeks to enforce a foreign judgment entered against Defendants in China for a loan that Defendant personally guaranteed and subsequently defaulted on. The foreign judgment is final, conclusive, and enforceable, as Defendants did not appeal within 15 days after entry of judgment.

**Defendants Statement:**

Defendants claim that Shan Zhou had no business dealings with Plaintiff, any companies involved in the judgments, her husband Xiaofeng Peng's business, or anything related to this matter. Zhou and Peng claim that Zhou has only been added to this lawsuit to annoy and harass Zhou. Peng claims that the judgments are invalid, he was never served nor a part of any proceedings in where Peng is claimed to owe Plaintiff any sums due, and that

- 2 -
JOINT CASE MANAGEMENT STATEMENT

the alleged amounts due were not only satisfied in a foreign bankruptcy proceeding, but that Peng had resigned over a year from the time of the alleged contract involving the alleged debt was executed.  Peng had no authority, board position, or standing in the company to execute or guarantee such agreements.

**3. Legal Issues**

The parties anticipate the following issues:

1. Whether the Chinese judgment is final and conclusive, and enforceable; and

2. Whether the Chinses judgment was satisfied in Bankruptcy; and

3. Whether Peng actually signed any guarantee or contract related to the Chinese judgment.

**4. Motions**

All prior and pending motions, their current status, and any anticipated motions.

Defendants intend to file a motion to dismiss under FRCP Rule 12(b). Defendant Zhou intends to file a motion to set aside her default, if the parties are unable to stipulate to set the default aside.  Defendants anticipate a motion for summary judgment after the discovery phase of the matter, when enough evidence has been collected to support their claims.

## 5. Amendment of Pleadings

The parties do not currently anticipate adding or dismissing any parties, claims, or defenses. No amendments to the pleadings are expected. Accordingly, no deadline for amending the pleadings is proposed at this time. However, if during the discovery process, Defendants are able to ascertain the identities of the parties that executed, signed, and defaulted on the alleged contract and guarantee, Defendants may seek Court relief to add necessary parties with a crossclaim or cross-complaint.

## 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues in this action. Each party has taken appropriate measures to preserve potentially relevant documents and electronically stored information.

## 7. Disclosures

The parties will fully and timely comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1).

///

## 8. Discovery

No discovery has been conducted for this case. The Parties do not foresee any issues arising related to the preservation of discoverable information. The Parties intend to take written discovery, corporate depositions, and percipient witness depositions.

The Parties anticipated to conduct written discoveries and depositions and propose to the Court the discovery cutoff should be set on June 12, 2026:

## 9. Class Actions

This case is not filed as a class action, and class certification is not anticipated.

## 10. Related Cases

There are no related cases or proceedings pending before any other judge of this Court or before any other court or administrative body.

## 11. Relief

Plaintiff seeks monetary relief based on three Chinese court judgments, with an unpaid balance of $33,682,962.83 as of October 20, 2025, including principal, accrued interest, double interest for delayed performance, and enforcement expenses. If and when Defendants ascertain the identity of the parties responsible for the alleged debt here, they will seek indemnification,

damages, and contribution from any responsible, necessary parties added to this matter in the future.

**12. Settlement and ADR**

No settlement negotiation has occurred for this case. The Parties have agreed to ADR Procedure 1, where they seek to participate in a settlement conference before a Magistrate Judge after discovery clarifies issues. The Parties propose a mediation completion date of August 7, 2026. The Parties are attempting to negotiate independently of the Court, and are hoping for progress in negotiations, which are currently stagnant.

**13. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties are unsure of how to narrow the issues indicated in Defendants' statement in Section 2 of this CMS. The parties are meeting and conferring on all issues and have been in cooperation to date, and plan to work together to resolve all issues, including narrowing of issues.

///

///

## 15. Scheduling

The parties propose the following schedule:

| Date | Event | Trigger |
|---|---|---|
| 10/14/2025 | Initial Disclosures | Fed. R. Civ. P. 26(a)(1)(C) |
| 10/21/2026 | Non-Expert Discovery Cut-Off | 365 days after Sched. Conf. |
| 01/18/2027 | Expert Disclosure Deadline | 90 days after discovery cut-off |
| 03/04/2027 | Rebuttal Disclosure Deadline | 45 days after expert disclosure |
| 04/03/2027 | Expert Discovery Cut-Off | 30 days after rebuttal disclosure |
| 07/02/2027 | Dispositive Motion Cut-Off | 90 days after expert discovery |
| 08/16/2027 | Final Pretrial Conference | 45 days after disp. mtn. cut-off |
| 10/15/2027 | Trial | 60 days after FPTC |

## 16. Trial:

The Parties believe that with respect to a preliminary estimate regarding the time required for trial, the case will require a 2-3 days bench trial. The Parties propose that trial proceed at a time that is convenient for the Court, commencing on or after October 15, 2027.

## 17. Disclosure of Non-party Interested Entities or Persons

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Other than the named parties, there are no persons, firms, partnerships, corporations, or other entities known to have a financial or other interest in the outcome of this case.  Defendants reserve their

rights to amend this should necessary parties be ascertained through the discovery process.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

### Certification

Each counsel of record certifies that he/she has complied with the court's requirement of reviewing the Local Civil Rules of the Northern District of California, Magistrate Judge Kandis a. Westmore web page, the Court's Initial Standing Order, and the Court's Order Setting Scheduling Conference.

DATED: October 14, 2025                                LB Lin Law Firm

*Hans Lin*
Hans Lin
Attorney for Plaintiff,
China Cinda Asset Management
Co. Ltd., (Jiangxi Branch)

**DATED: October 14, 2025**                    **The Law Offices of Matthew B. Hodroff**

_/s/ Matthew B. Hodroff_

Matthew B. Hodroff
Attorney for Defendants
XIAOFENG PENG and SHAN ZHOU