UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHINA CINDA ASSET MANAGEMENT CO. LTD.,

Plaintiff,

v.

XIAOFENG PENG, et al.,

Defendants.

Case No. 4:25-cv-06047-KAW

**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING MOTION TO DISMISS**

Re: Dkt. Nos. 27, 28

On January 6, 2026, Defendant Shan Zhou filed a motion to set aside default, which was entered on September 15, 2025. (Zhou Mot., Dkt. No. 27.)  Also on January 6, 2026, Defendants Xiaofeng Peng and Shan Zhou filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot., Dkt. No. 28.)  The motions are fully briefed.

Upon review of the moving papers, the Court finds these matters suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant Zhou's motion to set aside to entry of default, and it DENIES Defendants' motion to dismiss.

## I.    MOTION TO SET ASIDE

First, Defendant Zhou seeks to set aside the entry of default, dated September 15, 2025. (Zhou Mot. at 6.)  The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. Pro. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).  Using the same standard as used to

determine whether default judgment should be set aside under Rule 60(b), a finding that any one of these factors is true is sufficient reason to refuse to set aside entry of default. *See id.* "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Here, Defendant Zhou contends that good cause exists to set aside the default, because she did not engage in culpable conduct in failing to respond, as English is not her native language and she is unfamiliar with litigation. (Zhou Mot. at 9.)  Furthermore, her husband is co-defendant Peng, and he responded timely. *Id.*  Zhou further contends that she has a meritorious defense, because she was not a party to the agreement and, as a result, she is not liable. *Id.* at 9-10.  Finally, Zhou contends that Plaintiff will experience no prejudice because the case is in its early stages and the case deadlines were set in anticipation of this motion. *Id.* at 10-11.

In opposition, Plaintiff argues that Zhou had ample time to get an extension of the response deadline and "[s]he simply chose not to respond." (Pl.'s Opp'n, Dkt. No. 34 at 8.) Plaintiff also argues that Zhou's defense is not meritorious, and that it will experience prejudice because the underlying debt has been delayed for years, as the Chinese judgments date back to 2017. *Id.* at 13-14.)

Plaintiff's arguments regarding prejudice are particularly unavailing, since Defendant Peng is not in default, and the case will proceed.  That Plaintiff may prefer to pursue default judgment against Defendant Zhou for the sake of expediency undermines the Federal Rules of Civil Procedure's preference for a judgment on merits.

Accordingly, the motion to set aside is GRANTED and the entry of default against Defendant Shan Zhou, dated September 15, 2025, is set aside.  Defendant Zhou shall file a response to the operative complaint within 21 days of this order, absent stipulation of the parties.

## II.    MOTION TO DISMISS

Next, on January 6, 2026, Defendants Peng and Zhou filed a motion to dismiss under Rule 12(b)(6).  A motion to dismiss must be filed within 21 days of service absent stipulation of the

United States District Court
Northern District of California

United States District Court
Northern District of California

parties or court order. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (b).  On October 21, 2025, the Court held a case management conference at which the parties were instructed to meet and confer and file a stipulation extending Defendant Peng's response deadline to respond to the complaint. (10/21/25 Minute Entry, Dkt. No. 21).  The parties did not file a stipulation, and this motion followed several months later on January 6, 2026.

As an initial matter, at the time of filing, default was entered against Defendant Zhou, so she cannot bring this motion. As to Defendant Peng, the motion is untimely, because he waited several months to file it and the parties did not file a stipulation extending his deadline to respond to the complaint.

Accordingly, the motion to dismiss is DENIED.  Defendant Peng shall file an answer within 21 days of this order, absent stipulation of the parties.

### III.    PARTIES ARE ORDERED TO MEET AND CONFER

Finally, to streamline this litigation and avoid unnecessary motion practice, within 7 days of this order, the parties shall meet and confer regarding Defendants' respective deadlines to file their responses to the complaint.  To aid the parties in their meet and confer efforts, the Court notes that the arguments made in Defendants' motion to dismiss concern genuine factual disputes that are more appropriately addressed at summary judgment, rather than at the pleadings stage, as evidenced by the reliance on Defendants Peng's declaration to refute the allegations in the complaint and to raise affirmative defenses.[1] (*See* Defs.' Mot. at 3 (citing Peng Decl.).)  Thus, while Defendant Zhou retains her ability to file a dispositive motion under Rule 12(b), Defendants are encouraged to file a single answer to the complaint.

IT IS SO ORDERED.

Dated: March 3, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Thus, even if it was timely filed, the motion could have been denied on this basis.

3